1  WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
   LAW OFFICES OF WAUKEEN Q. McCOY
2  703 MARKET STREET, Suite 1200
   San Francisco, California 94103
3  Telephone (415) 675-7705
   Facsimile (415) 675-2530
4
   Attorney for Plaintiff
5  SHAUNE PATTERSON

6

7               IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  SHAUNE PATTERSON, an individual,      )   Case No. C 04-00405  PJH
                                         )
10              Plaintiff,               )   UNLIMITED JURISDICTION
                                         )
11      vs.                              )   **FIRST AMENDED COMPLAINT FOR
                                         )   DAMAGES:**
12                                       )
   APPLE COMPUTER, INC., a corporation   )   1. RACE DISCRIMINATION – 42 U.S.C. §
13 doing business in California, DAN      )      1981;
   WALKER, an individual, SHERI PARKER,  )   2. RACE DISCRIMINATION – 42 U.S.C. §
14 an individual and DOES 1-50, inclusive,)     2000 et seq.;
                                         )   3. RACIAL DISCRIMINATION IN
15              Defendants.              )      VIOLATION OF CALIFORNIA
                                         )      GOVERNMENT CODE §12940;
16                                       )   4. VIOLATION OF CALIFORNIA
                                         )      EQUAL PAY ACT;
17                                       )   5. WRONGFUL DENIAL OF PROMOTION
                                         )      IN VIOLATION OF PUBLIC POLICY;
18                                       )   6. HARASSMENT
                                         )   7. RETALIATION
19                                       )   8. FAILURE TO TAKE ALL
                                         )      REASONABLE STEPS – Cal. Gov't Code
20                                       )      § 12940;
                                         )   9. FAILURE TO MAINTAIN
21                                       )      ENVIRONMENT FREE FROM
                                         )      HARASSMENT;
22                                       )   10. DEFAMATION - SLANDER
                                         )   11. DEFAMATION – LIBEL
23                                       )   12. INVASION OF PRIVACY
                                         )   13. INTENTIONAL INFLICTION OF
24                                       )      EMOTIONAL DISTRESS
                                         )   14. WRONGFUL TERMINATION IN
25                                       )      VIOLATION OF PUBLIC POLICY
                                         )   15. RETALIATION
26 _____)

27

28

COMPLAINT
                              1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY TRIAL DEMANDED**

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C.

§ 1981.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's

state law claims, including those alleged under the California Fair Employment and Housing

Act, Cal. Gov't Code §§ 12940, *et seq.*

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) & (c).

Plaintiff's claims arose in California, and the acts complained of herein occurred in this judicial

district and gave rise to the claims alleged.  Defendant operates its business in California with its

corporate headquarters based in Northern California.

Plaintiff alleges as follows:

**THE PARTIES**

3.      Plaintiff SHAUNE PATTERSON ("Plaintiff" or "PATTERSON) is an African-

American female employed by defendant APPLE COMPUTER ("APPLE") as a Human

Resources Compensation Consultant.  As a Compensation Consultant, Plaintiff is responsible for

analyzing rates of compensation and assigning grade levels for employment positions at APPLE

4.      Plaintiff is informed and believes and thereon alleges that defendant APPLE is a

corporation that is organized under the laws of the State of California.  APPLE does business in

the State of California as APPLE and maintains offices in California.  Plaintiff is further

informed and believes and thereon alleges that defendant APPLE employs over 100 individuals.

COMPLAINT

2

5.      Plaintiff is informed and believes and thereon alleges that defendant DAN WALKER ("WALKER") is the Vice President of Human Resources at APPLE at all times mentioned herein.

6.      Plaintiff is informed and believes and thereon alleges that defendant SHERI PARKER ("PARKER") is the Director of Employee Relations at APPLE at all times mentioned herein.

7.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues them by such fictitious names.  Plaintiff is informed and believes and thereon alleges that said defendants are in some manner legally responsible for the activities and damages alleged herein.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

8.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was acting as the partner, agent, servant, and employee of each of the remaining defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining defendants.

9.      Plaintiff filed a complaint with the Department of Fair Employment and Housing and Equal Employment Opportunity Commission and against defendants and received right to sue letters dated November 19, 2003, November 20, 2003 and January 28, 2004.

## GENERAL ALLEGATIONS

10.      Plaintiff began her employment with defendant APPLE on May 29, 2001, when she was hired as a Human Resources Compensation Consultant (Grade 41).  During the course of Plaintiff's employment with APPLE, her job duties rapidly expanded to include those of a Senior Human Resources Compensation Consultant.  However, defendants never formally

COMPLAINT

3

promoted PATTERSON or increased her grade level or rate of compensation in contrast to her non-African American co-workers.

11.    When Plaintiff's job duties expanded, she asked for a promotion, but was told to first perform the job of a Senior Human Resources Compensation Consultant, then she would be eligible for a promotion.  However, despite performing the additional job responsibilities for *over two years*, PATTERSON has never received a promotion or pay increase as she was led to believe.

12.    When PATTERSON never received a promotion, grade level increase or pay raise from APPLE in contrast to several of her non-African American counter-parts, she provided defendants with a letter detailing their failure to compensate and promote Plaintiff for her expanded job duties despite her own manager's recommendation.

13.    Defendants could have addressed PATTERSON's concerns in good faith and avoided costly and protracted litigation.  However, defendants chose to respond to PATTERSON's concerns by engaging in a willful campaign of harassment and retaliation against Plaintiff for attempting to assert her rights.  Defendants actions against PATTERSON include, but are not limited to, wrongfully suspending her from her employment.

14.    PATTERSON purchased her own laptop computer at her own expense after APPLE repeatedly refused to purchase one for her in contrast to her non-African American co-workers.  Additionally, before PATTERSON returned to work, defendants ordered Plaintiff to leave her personal laptop computer at work, which they confiscated.  Defendants then proceeded to erase Plaintiff's files, search her office and interrogated her co-workers about her. PATTERSON never consented for defendants to either have complete access to all of her

COMPLAINT

4

computer files or to erase her files.  Defendants invaded her privacy by its intrusive actions against her.

15.     Defendants have engaged in their several weeks long campaign of retaliation and harassment against PATTERSON, which continues today.  They and especially WALKER and his henchman, PARKER, have created several new policies, which target the habits of PATTERSON, in an effort to intimidate and constructively discharge her.

16.     Defendants have removed PATTERSON's door nameplate to her office and she is being given a minimal number of projects for work.  Defendants have further lied about PATTERSON via false statements and allegations.  Finally, PATTERSON is compensated at a lower pay rate than her non-African American counterparts who have the same job responsibilities.  Defendants terminated PATTERSON after she filed a lawsuit against them.

## FIRST COUNT

## RACIAL DISCRIMINATION 42 U.S.C. § 1981

## (AGAINST DEFENDANT APPLE and DOES 1 –50, inclusive)

17.     Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 16 above.

18.     Defendants, through their agents and employees engaged in a pattern and practice of unlawful racial discrimination in violation of 42 U.S.C. § 1981 in connection with the terms and conditions of Plaintiff's employment.

19.     At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination.  As a result of the hostile and offensive work environment perpetrated and maintained by defendants, and defendants' failure to protect Plaintiff from further discrimination,

Plaintiff suffered severe emotional distress.

20.     Plaintiff is informed and believes and thereon alleges that in addition to the practices enumerated above, defendants, and each of them, have engaged in other discriminatory practices against plaintiff, which are not yet fully known.  At such time as said discriminatory practices become known to plaintiff, plaintiff will seek leave of court to amend this complaint in those regards.

21.      As a direct and proximate result of the willful, knowing, and intentional discrimination against Plaintiff, and the failure to act by defendants, plaintiff has suffered mental distress, anguish, and indignation.  Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

22.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights.  As such, punitive damages are warranted against defendants in order to punish and make an example of their actions.

## SECOND COUNT

## RACIAL DISCRIMINATION - 42 U.S.C. § 2000 et seq.

## (AGAINST DEFENDANT APPLE and DOES 1 –50, inclusive)

23.     Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 22 above.

24.     Defendants, through their agents and employees engaged in a pattern and practice of unlawful racial discrimination in violation of 42 U.S.C. § 2000 et seq. in connection with the terms and conditions of Plaintiff's employment.

25.     At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in

the discrimination.  As a result of the hostile and offensive work environment perpetrated and maintained by defendants, and defendants' failure to protect Plaintiff from further discrimination, Plaintiff suffered severe emotional distress.

26.    Plaintiff is informed and believes and thereon alleges that in addition to the practices enumerated above, defendants, and each of them, have engaged in other discriminatory practices against plaintiff, which are not yet fully known.  At such time as said discriminatory practices become known to plaintiff, plaintiff will seek leave of court to amend this complaint in those regards.

27.     As a direct and proximate result of the willful, knowing, and intentional discrimination against Plaintiff, and the failure to act by defendants, plaintiff has suffered mental distress, anguish, and indignation.  Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

28.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights.  As such, punitive damages are warranted against defendants in order to punish and make an example of their actions.

## THIRD COUNT

## RACIAL DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940 et seq.  (AGAINST DEFENDANT APPLE and DOES 1 –50, inclusive)

29.    Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 28 above.

30.    Defendants, by and through their agents and management level employees, engaged in a continuing pattern and practice of unlawful racial discrimination in violation of

COMPLAINT

7

California Government Code §12940 et seq. in connection with Plaintiff's work assignments, promotion and the terms and conditions of Plaintiff's employment, by failing to promote and raise the rate of compensation of Plaintiff when Plaintiff; applied for and was otherwise qualified for a job position.  Despite her qualifications, Plaintiff was denied promotion and a pay raise on the basis of her race.

31.     At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination.  As a result of defendants' pattern and practice of unlawful discrimination, Plaintiff has suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

32.     Plaintiff is informed and believes and thereon alleges that in addition to the practices enumerated above, defendants, and each of them, have engaged in other discriminatory practices against Plaintiff, which are not yet fully known.  At such time as said discriminatory practices become known to Plaintiff, Plaintiff will seek leave of court to amend this complaint in those regards.

33.     As a direct and proximate result of the willful, knowing and intentional discrimination against Plaintiff, and the failure to act by defendants in an effort to remedy said discrimination, Plaintiff has suffered mental distress, anguish and indignation.  Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

34.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights.  As such, punitive damages are warranted against defendants in order to punish and make an example of each of them.

## **FOURTH COUNT**

COMPLAINT

1

2

**VIOLATION OF CALIFORNIA EQUAL PAY ACT –**

**GOV'T CODE SECTIONS 12900 ET SEQ.**

3

4

**AGAINST DEFENDANTS APPLE AND DOES 1 - 50**

5        35.     Plaintiffs, and each of them, incorporate by reference the allegations of

6     paragraphs 1 through 34, above, as though fully set forth herein.

7        36.     Defendants APPLE have violated the California Equal Pay Act, Government

8     Code sections 12900 *et. seq.*, which makes it unlawful for an employer to pay different wages

9     based on the race or gender of employees who are performing "substantially similar work" in the

10    same establishment.

11       37.     Plaintiff is informed and believes, and based thereon alleges, that defendants

12    APPLE compensated Plaintiff at a level significantly less than that of her non-African American

13    colleagues, despite the fact that she performed the same job responsibilities as her non-African

14    American counterparts.

15       38.     Plaintiff is informed and believes, and based thereon alleges, that defendants do

16    not have an identifiable, standard seniority system that is fairly and systematically applied and

17    observed, which might explain the discrepancies between Plaintiff's salary and the salaries of the

18    non-African American employees performing identical or comparable job responsibilities to

19    those of PATTERSON.

20       39.     As a direct and proximate result of defendants violation of the California equal

21    pay provisions, Plaintiff has suffered loss of income, loss of advancement and promotion, loss of

22    career opportunity and loss of intangible job benefits, all in amounts to be proven at trial.  As

23    further proximate result of the above-described equal pay violations, Plaintiff has experienced

24    pain, suffering, severe emotional distress, mental distress, shame, humiliation, embarrassment,

25    and related physical ailments all in amounts to be proven at trial.

26

27

**FIFTH COUNT**

**FAILURE TO PROMOTE**

28

COMPLAINT

**IN VIOLATION OF PUBLIC POLICY (AGAINST DEFENDANT APPLE**
**And DOES 1- 50, inclusive)**

40.     Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 39 herein.

41.     Plaintiff's wrongful denial of promotion by APPLE was based upon defendants' violation of public policy, including but not limited to the following: the fundamental public policy against racial discrimination and the fundamental public policy of equal opportunity employment.

42.     As a proximate result of defendants' wrongful acts, Plaintiff has suffered and continues to suffer substantial losses incurred in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered and continues to suffer emotional distress in an amount according to proof at the time of trial.

43.     Defendants, and each of them, did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  The acts complained of were known to, authorized and ratified by defendants.  Plaintiff is therefore entitled to recover punitive damages from defendants, and each of them, in an amount according to proof at the time of trial.

**SIXTH COUNT**

**HARASSMENT - IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940**
**(AGAINST DEFENDANTS APPLE, WALKER, PARKER and DOES 1 –50, INCLUSIVE)**

44.     Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 43 herein.

COMPLAINT

10

45.     By engaging in the conduct previously alleged herein, defendants, and each of them, violated California Government Code § 12940 by creating, maintaining, encouraging, failing to investigate properly and by failing to remedy a hostile work environment prohibited by the Fair Employment and Housing Act, despite Plaintiff's complaints to management level employees that she was being harassed and given a decreased work load because of her complaints and because of Plaintiff's race.

46.     Plaintiff is informed and believes and thereon alleges that the working conditions at APPLE were both subjectively and objectively pervasive as to constitute a prima facie case of harassment under both state laws and defendant's own employee handbook regarding APPLE's harassment policy.  Plaintiff's harassment was made aware to management level employees at APPLE.  Defendant's management failed to discipline, admonish, or timely investigate Plaintiff's claims against defendants.  Instead of prompt investigation or resolution of the hostile environment, APPLE, through its management level employees and agents, chose to engage in a campaign of intimidation, harassment and abuse as alleged above.

47.     At all relevant times, defendants had actual and constructive knowledge of the hostile work environment described and alleged herein, and condoned, ratified and failed to remedy in the hostile work environment.  As a result of the hostile work environment perpetrated and maintained by defendants, and defendants' failure to protect Plaintiff from further discrimination, Plaintiff has suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

48.     Plaintiff is informed and believes and thereon alleges that in addition to the practices enumerated above, defendants, and each of them, have engaged in other discriminatory practices against plaintiff, which are not yet fully known.  At such time as said discriminatory

COMPLAINT

11

practices become known to Plaintiff, Plaintiff will seek leave of court to amend this complaint in those regards.

49.     As a direct and proximate result of the willful, knowing and intentional harassment of Plaintiff, and defendants' failure to act in an effort to remedy said environment, Plaintiff has suffered mental distress, anguish and indignation.  Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

50.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights.  As such, punitive damages are warranted against defendants in order to punish and make an example of each of them.

## SEVENTH COUNT

## RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940

## (AGAINST DEFENDANTS APPLE and DOES 1- 50, INCLUSIVE)

51.     Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 50 herein.

52.     Under California Government Code §12940, defendants are prohibited from retaliation against Plaintiff for opposing any practices forbidden or made unlawful under California Government Code §12940.  Defendants are further prohibited from retaliating against Plaintiff by defendant APPLE's "unlawful harassment policy."

53.     Plaintiff complained to defendants on numerous occasions alleged herein that Plaintiff was being harassed and denied promotional opportunities based on her race.

54.     Plaintiff is informed and believes and thereon alleges that defendants had numerous opportunities to remedy the hostility of their workplace, but APPLE, through its management level employees and agents, chose to engage in a campaign of intimidation,

COMPLAINT

12

harassment and abuse as alleged above.

55.    At all relevant times, defendants had actual and constructive knowledge of the retaliatory conduct described and alleged herein, and condoned, ratified and participated in the retaliation.  As a result of the retaliatory behavior perpetrated and executed by defendants, and defendants' failure to protect Plaintiff from retaliatory behavior, Plaintiff has suffered severe emotional distress, humiliation and embarrassment.  As a further proximate result of such conduct, plaintiff has suffered loss of income, loss of advance and promotions, loss of career opportunity and loss of tangible job benefits, all in amounts to be proven at trial.

56.    Defendants, acts alleged herein are malicious, oppressive, fraudulent, despicable, and in conscious disregard of plaintiff's rights and public policy.  As such, punitive damages are warranted against defendants in order to punish and make an example out of each of them.

## EIGHTH COUNT

## FAILURE TO TAKE ALL REASONABLE STEPS

## IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940

## (AGAINST DEFENDANTS APPLE and DOES 1- 50, INCLUSIVE)

57.    Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 56, inclusive, of this Complaint.

58.    The California Fair Employment and Housing Act, ("FEHA") as amended, Government Code Section 12940 makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination from occurring.

59.    By defendants' conduct, as aforesaid, and by failing to express strong disapproval of discriminatory practices, by failing to develop appropriate sanctions for discrimination, by failing to properly inform Plaintiff and other employees of their rights regarding discrimination

COMPLAINT

13

and instructing Plaintiff and other employees of the specific process to follow in order to report discrimination, by failing to develop appropriate methods to sensitize employees/managers to practices and the gravity of consequences for doing so, and by failing to take immediate and appropriate corrective action to stop the discrimination from occurring by Plaintiff's superiors, after defendant APPLE was aware of the discriminatory practices against Plaintiff in the failure to promote her or provide lawful compensation for her increased job responsibilities, defendants' failed to take all reasonable steps to prevent the discrimination from occurring, in violation of the California Fair Employment and Housing Act, as amended.

60.   As a proximate result of defendants' unlawful employment practices, Plaintiff has suffered damages, including but not limited to damages for wage loss and loss of employment benefits, as well as damages for humiliation, embarrassment, damages for severe mental and emotional distress and discomfort, as well as forcing him to incur attorneys' fees, costs and certain other incidental damages, all according to proof.

61.   Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice.  Alternatively, defendants' despicable conduct was carried out in conscious disregard of Plaintiff's rights.  Defendant's conduct was carried out by a managing agent, or an officer, a director, or a managing agent of defendant employer who had advance knowledge of the unfitness of its decision-maker and employed him and/or her with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his and/or her conduct. As a result of defendants' conduct, Plaintiff is entitled to recover punitive damages in an amount commensurate with defendants' wealth.

## NINTH COUNT

## FAILURE TO MAINTAIN ENVIRONMENT FREE FROM HARASSMENT –

## Cal. Govt. Code § 12940

## (AGAINST DEFENDANTS APPLE AND DOES 1-50)

62.     Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 61 above.

63.     Defendants failed to take all reasonable steps to prevent discrimination and harassment against Plaintiff from occurring, and to take immediate and appropriate corrective action to remedy the harassment, in violation of Cal. Govt. Code § 12940, by engaging in the course of conduct set forth above,  among other things.

64.     Specifically, defendants failed and have failed to the present time to take any disciplinary action against WALKER AND PARKER, such as issuing a formal warning, providing counseling, or imposing probation, suspension, or termination.

65.     Plaintiff is informed and believes that defendants have never created and distributed a written policy about harassment, has never conducted any harassment training, and has never posted any harassment policies for its supervisors or employees.

## TENTH COUNT

## DEFAMATION – SLANDER

## (AGAINST ALL DEFENDANTS)

66.     Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 65 above.

67.     Defendants, and each of them, did publicize, or cause to be publicized, to third persons numerous false allegations concerning Plaintiff.

68.     The accusations by defendants were made of and concerning Plaintiff and were so

COMPLAINT

understood by all persons involved in the publication.

69.     These accusations were slanderous because they were false and lowered Plaintiff's reputation in the community.

70.     Furthermore, defendants made these accusations knowing that they were false.

71.     As a proximate result of the above-described accusations, Plaintiff has suffered loss of her reputation, shame, mortification, and hurt feelings, all to her general damage in an amount according to proof.

72.     The above-described accusations were publicized by defendants because of defendants' desire to gain financial advantage by making false accusations against Plaintiff, because of defendants' obsessive feelings of hatred and ill will toward Plaintiff, and with conscious disregard by defendants for the rights of Plaintiff, thereby justifying an award of punitive damages against defendants in an amount appropriate to punish defendants for her wrongful conduct and to deter others from engaging in such conduct.

## ELEVENTH COUNT

## DEFAMATION – LIBEL

## (AGAINST ALL DEFENDANTS)

73.     Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 72 above.

74.     Defendants, and each of them, did publicize, or cause to be publicized in writing, to third persons numerous false allegations concerning Plaintiff.

75.     The accusations by defendants were made of and concerning Plaintiff and were so understood by all persons involved in the publication.

76.     These accusations were slanderous because they were false and lowered

COMPLAINT
16

Plaintiff's reputation in the community.

77.     Furthermore, defendants made these accusations knowing that they were false.

78.     As a proximate result of the above-described accusations, Plaintiff has suffered loss of her reputation, shame, mortification, and hurt feelings, all to her general damage in an amount according to proof.

79.     The above-described accusations were publicized by defendants because of defendants' desire to gain financial advantage by making false accusations against Plaintiff, because of defendants' obsessive feelings of hatred and ill will toward Plaintiff, and with conscious disregard by defendants for the rights of Plaintiff, thereby justifying an award of punitive damages against defendants in an amount appropriate to punish Defendants for her wrongful conduct and to deter others from engaging in such conduct.

## TWELFTH COUNT

## INVASION OF PRIVACY

## AGAINST DEFENDANTS APPLE, WALKER, PARKER AND DOES 1 -50

80.     Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 79 above.

81.     Plaintiff is informed and believes and thereon alleges that defendants, without PATTERSON's consent, repeatedly intruded into her privacy by the conduct set forth above.

82.     Plaintiff is informed and believes and thereon alleges that the intrusions described above were offensive and objectionable to PATTERSON and to a reasonable person of ordinary sensibilities.  The intrusions were into aspects of PATTERSON's life that were private and were entitled to remain private.

## THIRTEENTH COUNT

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

## <u>(AGAINST DEFENDANTS APPLE, WALKER, PARKER and DOES 1 –50, inclusive)</u>

83.     Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 82 herein.

84.     Plaintiff is informed and believes and thereon alleges that on or about Fall-Winter 2003 and continuing through present, defendants, by and through its principals, agents and employees, unlawfully harassed, retaliated, terminated PATTERSON in violation of public policy and applicable law, with conscious disregard of the result or outcome of such act.  The unlawful harassment and retaliation of PATTERSON and defendants' denial of Plaintiff's promotion, due to its improper motivations and surrounding circumstances constitute extreme and outrageous conduct by the defendants, and each of them.

85.     Through the outrageous conduct described above, defendants acted with the intent to cause, and with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

86.     At all relevant times, defendants had actual or constructive knowledge of extreme and outrageous conduct described herein, and condoned, ratified and participated in such extreme and outrageous acts.

87.     As a direct and proximate result of defendants' willful, knowing and intentional acts, and defendants' failure to act, Plaintiff has suffered and will continue to suffer mental distress and anguish.  Plaintiff has suffered and will continue to suffer a loss of earnings, stock options, and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amount to be proven at trial.

88.     The acts of defendants, as alleged herein, were done with fraud, oppression and malice, with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff, with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive damages against Defendants, and each of them.

**FOURTEENTH COUNT**

**RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940 et seq.  (AGAINST DEFENDANT APPLE and DOES 1 –50, inclusive)**

89.     Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 88 above.

90.     Defendants, by and through their agents and management level employees, engaged in unlawful retaliation in violation of California Government Code §12940 et seq. in connection with Plaintiff's work assignments, promotion and the terms and conditions of Plaintiff's employment, by failing to promote and raise the rate of compensation of Plaintiff when Plaintiff; applied for and was otherwise qualified for a job position.  Despite her qualifications, Plaintiff was denied promotion and a pay raise on the basis of her race.  Defendants further retaliated against Plaintiff by terminating her after she filed a lawsuit against them.

91.     At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination.  As a result of defendants' pattern and practice of unlawful discrimination,

COMPLAINT

19

Plaintiff has suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

92.    Plaintiff is informed and believes and thereon alleges that in addition to the practices enumerated above, defendants, and each of them, have engaged in other discriminatory practices against Plaintiff, which are not yet fully known.  At such time as said discriminatory practices become known to Plaintiff, Plaintiff will seek leave of court to amend this complaint in those regards.

93.    As a direct and proximate result of the willful, knowing and intentional discrimination against Plaintiff, and the failure to act by defendants in an effort to remedy said discrimination, Plaintiff has suffered mental distress, anguish and indignation.  Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

94.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights.  As such, punitive damages are warranted against defendants in order to punish and make an example of each of them.

**FIFTEENTH COUNT**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(AGAINST DEFENDANT APPLE and**

**DOES 1 –50, inclusive)**

95.    Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 94 herein.

96.    Plaintiff's wrongful termination from her employment with APPLE was based upon Defendants' violation of public policy, including but not limited to the following: the

COMPLAINT

fundamental public policy against racial discrimination and the fundamental public policy of equal opportunity employment.

97.     As a proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered and continues to suffer emotional distress in an amount according to proof at the time of trial.

98.     Defendants, and each of them, did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  The acts complained of were known to, authorized and ratified by Defendants.  Plaintiff is therefore entitled to recover punitive damages from defendants, and each of them, in an amount according to proof at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief as follows:

1.     For general damages according to proof, however, no less than the jurisdictional limit of this court;

2.     For special damages in amounts according to proof;

3.     For punitive damages in amounts according to proof;

4.     For attorneys' fees as provided by law;

5.     For interest as provided by law;

6.     For cost of suit incurred herein; and

COMPLAINT

7.      For such other and further relief as the Court deems fair and just.

Dated:  March 9, 2004                    LAW OFFICES OF WAUKEEN McCOY


                                         By */s/ Waukeen Q. McCoy*
                                              Waukeen Q. McCoy
                                              Attorneys for Plaintiff
                                              SHAUNE PATTERSON

COMPLAINT