IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNE PATTERSON, | No. C-04-00405 PJH (EDL) |
|     Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL UNREDACTED DISCOVERY AND DENYING PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF DAVID HULL** |
| v. | |
| APPLE COMPUTER INC., | |
|     Defendant. | |

Plaintiff Shaune Patterson, a former Human Resources Compensation Consultant for Defendant Apple, filed this employment discrimination action against Defendant and two of her former supervisors. Plaintiff has filed two discovery motions: (1) Motion to Compel Production of an Unredacted Discovery; and (2) Motion to Compel the Deposition of David Hull. The Court granted Plaintiff's request to hear these matters on shortened time. Although Plaintiff filed her reply three days late, the Court nonetheless considered it. Because these matters are appropriate for decision without oral argument, the Court vacated the June 28, 2005 hearing.

**Motion to Compel Production of Unredacted Discovery**

At issue is a five-page typed summary of notes by Sheri Parker, Apple's Employee Relations Director (Bates-stamped numbers 00181-00185). Portions of that document are redacted based on the attorney-client privilege.

Plaintiff argues that Defendant improperly redacted Ms. Parker's notes. Plaintiff believes that a comparison of a series of unredacted handwritten notes (Bates-stamped numbers 00140-00144) and Ms. Parker's redacted typed notes shows that the phrase, "she's an obese sized black lesbian" was deleted from the typed notes even though it appears in the handwritten notes, and that

this deletion demonstrates that Defendant's redactions were improper. This argument is not persuasive. The handwritten notes and the typed notes contain similar information, but one does not appear to be the transcription of the other. It is not surprising that the documents contain similar information because Ms. Parker states her typed summary contains her notes from a security assessment meeting attended by Steve Burmeister and David Hull (see Parker Decl. ¶ 6), and the handwritten notes appear to be Mr. Hull's notes from that security assessment.

Further, Defendant has provided evidence to substantiate its assertion of the attorney-client privilege. Dan Walker, Apple's Chief Talent Officer, sent Parker a copy of an email he had received from Plaintiff and asked Ms. Parker to investigate the circumstances of the email. See Parker Decl. ¶ 3. Plaintiff's email discussed Plaintiff's salary, grade level and responsibilities, and her belief that she had been denied a promotion and a raise. See id.; Perry Decl. Exh. O. The email also enclosed salary information, promotion history and performance information of her colleagues and her direct supervisor, Mr. Burmeister. See id. The email also said that Plaintiff disclosed this information to people outside Apple. See id. After reading Plaintiff's email, Ms. Parker believed that Plaintiff improperly accessed confidential information and used it for purposes unrelated to her work duties. See Parker Decl. ¶ 3.

Ms. Parker commenced an investigation into the Plaintiff's use of confidential salary information in her email. See id. ¶ 4. After gathering information from Mr. Burmeister, Ms. Parker was concerned that Defendant's confidential information was at risk, so she contacted in-house and outside counsel to figure out what to do to protect that information. See id. ¶¶ 4, 5. The redacted portions of the typed notes at issue reflect Ms. Parker's communications with counsel during her investigation. See id. ¶ 6.

Accordingly, there is no basis for compelling production of an unredacted copy of Ms. Parker's notes, nor is there a basis for an *in camera* review of those notes. Defendant has made a showing that the redacted information is protected by the attorney-client privilege and Plaintiff has failed to demonstrate a reasonable ground to expect that an *in camera* inspection would reveal any different information. Plaintiff's Motion to Compel Production of Unredacted Discovery is denied.

//

2

**Motion to Compel Deposition of David Hull**

David Hull is a former Apple Security Manager. Defendant included Mr. Hull in its initial disclosures, stating that: "with the exception of Plaintiff, any current or former employees of Defendant Apple Computer, Inc. should not be contacted individually without the prior consent of defense counsel." Defendant did not later supplement its initial disclosures to reflect Mr. Hull's departure from Apple.

Mr. Hull's importance to this case became apparent as early as October 2004 during Mr. Burmeister's deposition and Mr. Hull's likely authorship of the notes was stated in December 2004. Mr. Burmeister testified that he was not the author of the handwritten notes and could not authenticate them. He testified about the security assessment meeting which the notes appear to memorialize and stated that only Mr. Burmeister, Ms. Parker and Mr. Hull were present at that meeting. Later, on December 29, 2004, Ms. Parker filed a declaration in connection with Defendant's opposition to Plaintiff's motion to amend the complaint. The declaration stated that she was not the author of the handwritten notes, that she believed they were written by Mr. Hull and that Mr. Hull was no longer employed by Apple. During Ms. Parker's February 24, 2005 deposition, she testified about the security assessment meeting and that only Ms. Parker, Mr. Burmeister and Mr. Hull were present.

Despite knowing since at least December 2004 that Mr. Hull likely authored the handwritten notes, Plaintiff did not contact defense counsel about deposing Mr. Hull until May 23, 2005, nine days before the close of discovery.[1] At that time, defense counsel stated that Mr. Hull was no longer employed by Defendant and so defense counsel could not produce him for deposition, and that nine days was not reasonable notice for the deposition. See Perry Decl. ¶ 8. Nevertheless, Plaintiff's counsel sent a deposition notice to defense counsel after business hours on that day purporting to notice Mr. Hull's deposition for June 1. See id. On May 24, 2005, Defendant's counsel served objections to the deposition notice stating that counsel did not represent Mr. Hull,

---

[1] In her late-filed reply, Plaintiff contends that the parties stipulated to a one-day extension of the discovery cutoff to accommodate Mr. Burmeister's continued deposition and that therefore, Plaintiff contacted defense counsel regarding Mr. Hull's deposition within ten days of the discovery cutoff. For purposes of this order, it makes no difference whether the parties agreed to a one-day extension of discovery.

3

1  who no longer worked for Defendant, and that there was insufficient notice.  See id. ¶ 9.  As
2  requested by Plaintiff, Defendant provided Mr. Hull's last known address.  See id. ¶ 10.
3       Plaintiff's primary argument is that Defendant was under an obligation to supplement its
4  initial disclosures to reflect that Mr. Hull was no longer employed by Defendant and because
5  Defendant failed to do so, the Court should compel Mr. Hull's deposition.  Although Defendant
6  should have supplemented its disclosures, that failure is harmless because Plaintiff had notice as
7  early as December 2004 through Ms. Parker's declaration that Mr. Hull was no longer employed by
8  Defendant.  Plaintiff has provided no reason why she waited until the eleventh hour to contact
9  defense counsel to arrange Mr. Hull's deposition.  Further, because there is no evidence that Plaintiff
10  properly served Mr. Hull with a deposition subpoena, there is no basis for a court order compelling
11  his deposition.[2]  Plaintiff argues that Defendant's caution not to contact former or current employees
12  without consent of defense counsel amounted to a representation that defense counsel served as the
13  attorney for all such employees, on which Plaintiff relied in serving a notice rather than a subpoena.
14  Plaintiff's interpretation was not reasonable.  Counsel for a corporate defendant do not usually
15  represent all employees, current and former, including those who parted on less than fond terms.
16  The purpose was to preclude the possibility of improper *ex parte* contact.  Even if the caution were
17  arguably ambiguous, Plaintiff should have clarified the question much earlier.  Finally, Judge
18  Hamilton has stated that because of Plaintiff's conduct during discovery, pretrial dates would not be
19  continued to allow additional time for discovery.  See Judge Hamilton's Jan. 11, 2005 Order at 2:27-
20  3:1.  Accordingly, Plaintiff's Motion to Compel David Hull's Deposition is denied.
21  //
22  //
23  //
24  //
25  //
26  //

---

[2]  Plaintiff accuses defense counsel of assisting Mr. Hull in evading service of the deposition notice.  Plaintiff has provided no support for this inflammatory contention.

4

**Sanctions**

Both parties seek sanctions. Sanctions are denied because the parties failed to comply with Local Rule 37-3 requiring a separate sanctions motion.

**IT IS SO ORDERED.**

Dated: June 28, 2005

ELIZABETH D. LAPORTE
United States Magistrate Judge